

# NUMBER 13-14-00622-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF L.K.S., C.C.S. II, AND G.E.O.S., CHILDREN

### On appeal from the County Court at Law No. 1
### of Calhoun County, Texas.

# ORDER TO FILE APPELLATE BRIEF

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Order Per Curiam**

This parental-rights termination case is before the Court on counsel's failure to file an appellate brief for her client, C.C.S., the father of L.K.S., C.C.S. II, and G.E.O.S., and a motion for leave to file that brief.

C.C.S.'s brief in this matter was originally due on December 11, 2014.[1]  By an

---

[1] It appears from our review of the record that the trial court appointed the Hon. Ashley Pall to represent both parents on November 10, 2014.  Because of a conflict in representation, on December 19, 2014, the court appointed the Hon. Leslie Werner to represent the mother, M.H.S., while the Hon. Ashley Pall continued to represent the father, C.C.S.  The Hon. Leslie Werner filed M.H.S.'s brief with this Court on February 6, 2015.

order dated January 6, 2015, this Court extended the time for filing C.C.S.'s brief and notified the Hon. Ashley Pall, counsel for C.C.S., to file the appellate brief with this Court on or before January 23, 2015. We noted that, absent extraordinary circumstances, no further extension would be favorably entertained by this Court.[2] Counsel did not file a brief within the deadline imposed by our order.

On January 28, 2015, a deputy clerk of this Court called the Hon. Ashley Pall's office regarding the status of the brief, and she was informed that counsel was in court. The deputy clerk left a message for counsel to contact the Court. On January 29, 2015, a deputy clerk again called counsel's office and again left a message because the clerk was told that counsel was not in her office. On Friday, January 30, 2015, counsel's assistant called this Court and informed a deputy clerk that counsel would be filing C.C.S.'s brief and motion for leave to file on or before Thursday, February 5, 2015. On

---

[2] Appeals in parental termination cases are accelerated appeals with extremely short deadlines. *See* TEX. R. APP. P. 28.4; TEX. R. JUD. ADMIN. 6.2(a). The intermediate appellate courts are directed to ensure "as far as reasonably possible" that appeals are brought to final disposition within 180 days of the date the notice of appeal is filed. *See* TEX. R. JUD. ADMIN. 6.2(a). Often a significant portion of that time will elapse while we await the preparation of the appellate record, which can be quite voluminous. Consequently, if we are to have a meaningful opportunity to analyze the parties' contentions and draft our opinion and judgment, we have extraordinarily little leeway to grant parties extensions of briefing deadlines. In accordance with the limited time for consideration of these appeals, it is the policy of this Court to limit extensions of time to file a brief to one ten-day extension of time absent truly extraordinary circumstances. *See* TEX. R. APP. P. 38.6(d). Next, should counsel fail to meet this extended deadline, it is our necessity-driven practice in these super-accelerated parental-termination appeals to issue a show-cause order requiring counsel to appear to explain why he should not be held in contempt and have sanctions imposed for his failure to obey our earlier order. Our current practices are calculated to ensure us the opportunity to meaningfully address the appeal while also complying with the Texas Supreme Court's time standards—which, we must all remember, have the goal of providing the affected children with an expedited decision that ensures them stability and finality. *See In re B.L.D.*, 113 S.W.3d 340, 353 (Tex. 2003) (explaining that termination cases are to be decided expeditiously "[t]o ensure that children's lives are not kept in limbo while judicial processes crawl forward" and observing that, "[i]n termination cases, judicial economy is not just a policy—it is a statutory mandate"); *see also Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 513–14 (1982) ("There is little that can be as detrimental to a child's sound development as uncertainty over whether he is to remain in his current 'home,' under the care of his parents or foster parents, especially when such uncertainty is prolonged.").

February 17, 2015 and on February 18, 2015, because counsel had not yet filed a brief or a motion, a deputy clerk of the Court again called counsel. When informed that the Hon. Ashley Pall was in court on both occasions, the deputy clerk left a message for her to call the Court with the status of the brief. On February 18, 2015, an assistant from the Hon. Ashley Pall's office called and informed this Court that the motion for extension to file the brief would be filed that day and the brief would be filed Friday, February 20, 2015. To date, the Hon. Ashley Pall has filed no brief or motion for leave to file a brief in this appeal from the termination of C.C.S.'s parental rights.

This Court, having fully examined the record and the entire history of this case, ORDERS the Honorable Ashley Pall, counsel for appellant C.C.S., to file his appellate brief, accompanied with a motion for leave to file, with the Court as soon as possible. If the Honorable Ashley Pall fails to file C.C.S.'s appellate brief and motion for leave with this Court on or before 4:00 p.m. on Friday, February 27, 2015, we will order the Honorable Ashley Pall to appear in person before the Court on Wednesday, March 4, 2015, to show cause why she should not be held in contempt of court.

It is so ORDERED.

PER CURIAM

Delivered and filed the 23rd
day of February, 2015.

3